UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE, | Case No. 16-cv-07048-WHO (PR) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL** |
| P. LAM, et al., | |
| Defendants. | Dkt. No. 21 |

Plaintiff Terrence Brownlee moves for the appointment of counsel. (Dkt. No. 21.) The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

In the Ninth Circuit, roughly one-third of new civil litigants in district court are not represented by counsel. United States Courts for the Ninth Circuit, 2017 Annual Report 40 (2018), available at https://www.ca9.uscourts.gov/judicial_council/ publications/ AnnualReport2017.pdf. Most, but by no means all, of these litigants are incarcerated. There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice, and the high percentage of civil litigants who cannot afford one threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands. That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

At least at this stage of the proceedings, Brownlee has not shown that exceptional circumstances exist. His filings are clear and reasoned, and the suit does not present complex legal issues. Accordingly, the motion for the appointment of counsel is DENIED. If Brownlee's suit survives summary judgment, I will reconsider the necessity of appointing counsel.

**IT IS SO ORDERED.**

**Dated:** August 23, 2018



WILLIAM H. ORRICK
United States District Judge